ORIGINAL FILED
07 JUN 18 AM 10:26
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 416
San Jose, California 95113-2404
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
JO ANNE GRAFF

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| JO ANNE GRAFF,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL FINANCIAL SYSTEMS, INC., a New York corporation, ROBERT HENRY HERNANDEZ, individually and in his official capacity, and GEORGE WILLIAM KENNEDY, III, individually and in his official capacity,<br><br>Defendants. | Case No. C07-03185 JF HRL<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL<br><br>15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.* |

Plaintiff, JO ANNE GRAFF (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

**I. INTRODUCTION**

1.  This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

**II. JURISDICTION**

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §

-1-
COMPLAINT

1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### III.  VENUE

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV.  INTRADISTRICT ASSIGNMENT

5. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

### V.  PARTIES

6. Plaintiff, JO ANNE GRAFF (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7. Defendant, NATIONAL FINANCIAL SYSTEMS, INC. (hereinafter "NFS"), is a New York corporation engaged in the business of collecting debts in this state with its principal place of business located at:  600 West John Street, Hicksville, New York  11801-1035.  NFS may be served as follows:  National Financial Systems, Inc., c/o George W. Kennedy, Agent for Service, 600 West John Street, Hicksville, New York  11801-1035.  The principal purpose of NFS is the collection of debts using the mails and telephone, and NFS regularly attempts to collect debts alleged to be due another.  NFS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

8. Defendant, ROBERT HENRY HERNANDEZ (hereinafter "HERNANDEZ"), is a natural person and is or was an employee, agent, officer and/or director of NFS at all relevant

1 times. HERNANDEZ may be served at his business address: Robert Henry Hernandez, National
2 Financial Systems, Inc., 1400 Northport Parkway, Suite 20, West Palm Beach, Florida 33407-1976
3 and at his residence address: Robert Henry Hernandez, 801 Horbour Isle Court, West Palm Beach,
4 Florida 33410-4417. HERNANDEZ is a "debt collector" within the meaning of 15 U.S.C. §
5 1692a(6) and Cal. Civil Code § 1788.2(c). Plaintiff is informed and believes, and thereon alleges
6 that HERNANDEZ is liable for the acts of NFS because he sets and approves NFS collection
7 policies, practices, procedures and he directed the unlawful activities described herein.

8       9. Defendant, GEORGE WILLIAM KENNEDY, III (hereinafter "KENNEDY"),
9 is a natural person and is or was an employee, agent, officer and/or director of NFS at all relevant
10 times. KENNEDY may be served at his business address: George William Kennedy, III, National
11 Financial Systems, Inc., 600 West John Street, Hicksville, New York 11801-1035 and at his
12 residence address: George William Kennedy, III, 6 Cedarfield Terrace, Saint James, New York
13 11780-1521. KENNEDY is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal.
14 Civil Code § 1788.2(c). Plaintiff is informed and believes, and thereon alleges that KENNEDY is
15 liable for the acts of NFS because he sets and approves NFS collection policies, practices,
16 procedures and he directed the unlawful activities described herein.

17       10. At all times herein mentioned, each of the Defendants was an officer, director,
18 agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said
19 times, each Defendant was acting in the full course and scope of said office, directorship, agency,
20 service, employment and/or joint venture. Any reference hereafter to "Defendants" without further
21 qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

23       11. On a date or dates unknown to the Plaintiff, Plaintiff is alleged to have
24 incurred a financial obligation, namely a consumer credit account issued by Citicorp and bearing
25 the account number XXXX-XXXX-XXXX-9621 (hereinafter "the alleged debt"). The alleged debt
26 was incurred primarily for personal, family or household purposes and is therefore a "debt" as that
27 term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil
28 Code § 1788.2(f).

1  12.  Sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

13.  Thereafter, Defendants sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14.  A true and accurate copy of the collection letter from Defendant to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

15.  The collection letter (Exhibit "1") is dated February 5, 2007.

16.  On or about February 2, 2007, an employee of Defendants recorded the following message on Plaintiff's answering machine:

> Good morning, this is Susan Troy calling for Anne Graff. Miss Graff I need you to contact my offices immediately in regards to an urgent personal business matter. It is extremely important that you return the call to discuss a complaint that has been filed against you. You can reach me at 1-800-568-2733, extension 424. When calling in refer to file number 56920385. This is not a sales call or a solicitation of any type. This is an important business matter that requires your immediate attention. Once again, you can reach me at 1-800-568-2733, extension 424.

17.  On or about February 6, 2007, an employee of Defendants recorded the following message on Plaintiff's answering machine:

> Important message for Miss Anne Graff. Anne, this is Arch Arrington calling, the area manager at National Financial in New York. I want you to get in touch with me at extension 422, before 6 p.m. for your time today. It's in regards to file 56920385. After reviewing some of the information given – ah – because there's been no communication between yourself and this department – before I make a decision on the matter, I want to speak to you personally. Ask for Arch Arrington direct, at 800-568-2733.

18.  Defendants' answering machine messages were each a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

19.  Defendants failed to disclose Defendants' identity and the nature of Defendants' business in the answering machine messages, in violation of 15 U.S.C. § 1692d(6) and Cal. Civil Code § 1788.11(b). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1112, 1118 (C.D. Cal. 2005).

20.  Defendants failed to disclose that the answering machine messages were each a communication from a debt collector, in violation of 15 U.S.C. § 1692e(11). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005); *Foti v. NCO Financial*

1 *Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

2     21. Defendants' answering machine messages falsely represented or implied that a lawsuit had been, was about to be, or would be instituted against Plaintiff.

    22. Defendants' answering machine messages were designed and intended to instill a false sense of urgency in the listener.

    23. Defendants' answering machine messages represented or implied false threats of an imminent lawsuit with the intent to annoy, harass and abuse Plaintiff.

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

    24. Plaintiff brings the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

    25. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 23 above.

    26. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

    27. Defendant, NFS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

    28. Defendant, HERNANDEZ, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

    29. Defendant, KENNEDY, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

    30. The financial obligation allegedly owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

    31. Defendants' answering machine messages described above violate the FDCPA. The violations include, but are not limited to, the following:

        a. Defendants failed to disclose Defendants' identity and the nature of Defendants' business, in violation of 15 U.S.C. § 1692d(6);

        b. Defendants falsely represented the character and legal status of the

-5-
COMPLAINT

alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

c. Defendants falsely represented or implied that a lawsuit had been, was about to be, or would be instituted against Plaintiff when Defendants did not intend to actually file such a lawsuit, in violation of 15 U.S.C. § 1692e(5);

d. Defendants' communications were designed to instill a false sense of urgency in the listener, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

e. Defendants failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11); and

f. Defendants falsely represented threats of a pending or imminent lawsuit with the intent to annoy, harass and abuse Plaintiff, in violation of 15 U.S.C. §§ 1692d, 1692e, and 1692e(10).

32. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

33. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

34. Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

35. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 33 above.

36. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

37. Defendant, NATIONAL, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

38. Defendant, HERNANDEZ, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

39.  Defendant, KENNEDY, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

40.  The financial obligation allegedly owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

41.  Defendants' answering machine messages described above violate the RFDCPA. The violations include, but are not limited to, the following:

   a. Defendants failed to disclose Defendants' identity and the nature of Defendants' business, in violation of 15 U.S.C. § 1692d(6), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(b);

   b. Defendants falsely represented the character and legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A), as incorporated by Cal. Civil Code § 1788.17, and Cal. Civil Code § 1788.13(j);

   c. Defendants falsely represented or implied that a lawsuit had been, was about to be, or would be instituted against Plaintiff when Defendants did not intend to actually file such a lawsuit, in violation of 15 U.S.C. § 1692e(5), as incorporated by Cal. Civil Code § 1788.17, and Cal. Civil Code § 1788.13(j);

   d. Defendants' communications were designed to instill a false sense of urgency in the listener, in violation of 15 U.S.C. §§ 1692e and 1692e(10), as incorporated by Cal. Civil Code § 1788.17;

   e. Defendants failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11), as incorporated by Cal. Civil Code § 1788.17, and Cal. Civil Code § 1788.13(i); and

   f. Defendants falsely represented threats of a pending or imminent lawsuit with the intent to annoy, harass and abuse Plaintiff, in violation of 15 U.S.C. §§ 1692d, 1692e, and 1692e(10), as incorporated by Cal. Civil Code § 1788.17, and Cal. Civil Code §

1788.13(j).

42. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

43. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

44. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17.

45. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

46. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

The Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendants' answering machine messages violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(2)(A), 1692e(5), 1692e(10) and 1692e(11);

c. Declare that Defendants' answering machine messages violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b), 1788.13(i), 1788.13(j) and 1788.17;

d. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e. Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than

$1,000 pursuant to Cal. Civil Code § 1788.30(b);

f. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

g. Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

h. Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn, Esq.
Attorney for Plaintiff
JO ANNE GRAFF

### CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JO ANNE GRAFF, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.